IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Lawrence Butler, Lakeisha Darwish, Darron Eigner, Jr., Bernard A. Johnson, and Jimi Che Sutton,<br><br>                Plaintiffs,<br><br>v.<br><br>Fluor Corporation and Fluor Enterprises, Inc.,<br><br>                Defendants. | 0:17-02201-JMC<br>Civil Action No.: _____<br><br><br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiffs, all individually and on behalf of a class all other similarly situated individuals, by way of their Complaint in the above-captioned matter, would allege and show unto this Honorable Court the following:

### Nature of Claims

1. Fluor Corporation, along with its subsidiary, Fluor Enterprises, Inc. (collectively referred to as "Fluor" or "Defendants"), operated as a single employer and the plaintiffs, Lawrence Butler, Lakeisha Darwish, Darron Eigner, Bernard A. Johnson, and Jimi Che Sutton (collectively, "Plaintiffs"), as well as almost 4,000 other employees, were employed by Fluor.

2. Plaintiffs bring this action on behalf of themselves and other similarly situated former employees who worked for Fluor and were terminated without cause, as part of, or as the result of, plant closings, mass layoffs and terminations ordered by Fluor and who were not

provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq.

3. Defendants violated the WARN Act by knowingly failing to give Plaintiffs and other persons similarly situated, who are members of the class Plaintiffs seek to represent, at least 60 days prior notice of termination of their employment as required by that statute. As a consequence, Plaintiffs and the other similarly situated individuals are entitled to recover from Defendants, under the WARN Act, their wages and other employee benefits for 60 working days following the termination of their employment, which wages and benefits have not been paid.

## Parties, Jurisdiction, and Venue

4. Plaintiff Lawrence Butler worked at the VC Summer Location (defined below) until his termination on July 31, 2017.

5. Plaintiff Lakeisha Darwish worked at the VC Summer Location (defined below) until her termination on July 31, 2017.

6. Plaintiff Darron Eigner, Jr. worked at the VC Summer Location (defined below) until his termination on July 31, 2017.

7. Plaintiff Bernard A. Johnson worked at the VC Summer Location (defined below) until his termination on July 31, 2017.

8. Jimi Che Sutton worked at the VC Summer Location (defined below) until his termination on July 31, 2017.

9. Defendant Fluor Corporation is a private corporation organized and existing under the laws of Delaware and having its principal place of business at 6700 Las Colinas Boulevard Irving, Texas 75039.

10. Defendant Fluor Enterprises, Inc. is a private corporation organized and existing under the laws of California and having business operations in the State of South Carolina, including Fairfield County, SC. Fluor Enterprises is a subsidiary of Fluor Corporation.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5), because this action is based, in part, on the WARN Act.

12. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent claims, which are brought pursuant to the common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendants are located within this judicial district and division, and the unlawful labor practices giving rise to Plaintiffs' claims were committed in the Rock Hill Division of this Court.

## Facts

14. Plaintiffs were employed by Defendants until their terminations on July 31, 2017, working at the V.C. Summer Nuclear Station in Jenkinsville, South Carolina located at 14368 Highway 213 ("VC Summer Location").

15. Plaintiffs seek to represent each and every individual employed by Defendants within ninety (90) days of July 31, 2017, who worked at the VC Summer Location, who were terminated without sufficient notice under the WARN Act.

16. On or about July 31, 2017, South Carolina Electric & Gas Company ("SCE&G"), stopped all construction at the VC Summer Location.

17. On that same day, Fluor permanently laid off almost 4,000 of its hourly and

salaried employees working at the VC Summer Location.

18. No employees of Defendants were given notice of the layoff, as required by WARN, at any time up to and including July 31, 2017.

19. Also, at all pertinent times hereto, Defendants were an "employer" under the relevant state wage payment laws.

20. As part of their employment with Defendants, Plaintiffs and the putative WARN Class members were each promised certain payments in the form of wages and/or salary.

21. Plaintiffs and the putative WARN Class members fully complied with all terms of their employment, and, yet, the Defendants made the deliberate decision to not honor the payments to be made to them under the terms of their employment.

## WARN Class Allegations

22. Plaintiffs, on behalf of themselves and all other similarly situated individuals, repeat and re-allege the allegations of the preceding paragraphs as though set forth fully herein.

### Definition of the Class

23. Plaintiffs and the other similarly situated former employees constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

24. Plaintiffs bring the first claim for relief for violation of WARN, on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Rule 23(a), who worked for Fluor within 90 days of July 31, 2017, and were terminated without cause on or about July 31, 2017, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs ordered

4

by Fluor on or about July 31, 2017, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

**Numerosity**

25.     The WARN Class is so numerous as to render joinder of all members impracticable as there are about 400 former employees believed to be in the Class. The identities of a majority of the Class members are presently unknown but are ascertainable through appropriate discovery.

**Existence and Predominance of Common Issues**

26.     Common questions of law and fact are applicable to all WARN Class members.

27.     The common questions of law and fact arise from and concern the following facts and actions:

   a. all WARN Class members are former employees of Defendants;

   b. all WARN Class members enjoyed the protection of the WARN Act;

   c. Defendants terminated the employment of all the WARN Class members;

   d. Defendants terminated the employment of the WARN Class members without providing at least 60 days' prior written notice as required by the WARN Act; and

   e. Defendants failed to pay wages to the WARN Class members and failed to provide other employee benefits for the 60-working-day period following their respective terminations of their employment in violation of the WARN Act.

28.     The questions of law and fact common to the WARN Class members, as described above, predominate over any questions affecting only individual members, and thus,

this class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**Typicality**

29.     Plaintiffs' claims are typical of the claims of other WARN Class members. All such claims arise out of Defendants' failure to provide notice under the WARN Act and to timely disclose to employees that they would be laid off as a result of the plant closing and/or mass layoffs. Plaintiffs and other WARN Class members have suffered a common injury arising out of Defendants' common course of conduct as alleged herein.

**Adequate Representation**

30.     Plaintiffs will fairly and adequately protect and represent the interests of the WARN Class members and have no interest antagonistic to or in conflict with those of other WARN Class members.

31.     Plaintiffs have the time and resources to prosecute this action and have retained qualified counsel who have had extensive experience in matters involving employee rights and the WARN Act. Plaintiffs intend to prosecute this action vigorously for the benefit of the WARN Class members.

**Superiority**

32.     A class action is superior to other available methods for a fair and efficient adjudication of this controversy because individual joinder of all WARN Class members is impractical. Furthermore, damages suffered by WARN Class members may be relatively small when compared to the expense and burden of individual litigation, which would make it difficult or impossible for individual WARN Class members to obtain relief. The interests of judicial

economy favor adjudicating the claims of the WARN Class on a class-wide basis rather than an individual basis.

**Risks of Inconsistent or Varying Adjudication**

33. Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual WARN Class members, to conserve the judicial resources and the resources of the parties, and to provide the most efficient means of resolving the rights of all the members of the WARN Class.

34. Pursuant to Fed. R. Civ. P. 23(a), the Class meets all the requirements for class certification.

35. Class certification is also authorized by the WARN Act, 29 U.S.C. § 2104(a)(5).

**Claims for Relief**

**FOR FIRST CAUSE OF ACTION**

**Violation of the WARN Act**
**(Individual and Class Action)**

36. Plaintiffs, on behalf of themselves and all other similarly situated individuals, repeat and re-allege the allegations of the preceding paragraphs as though set forth fully herein.

37. At all relevant times, Fluor employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

38. At all relevant times, Fluor was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs or plant closings at the VC Summer Location.

39. On or about July 31, 2017, Fluor ordered mass layoffs and/or plant closings at the VC Summer Location, as those terms are defined by 29 U.S.C. § 2101(a)(2).

40. The mass layoffs or plant closings at the VC Summer Location resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Fluor's employees as well as thirty-three percent (33%) of Fluor's workforce at the VC Summer Location, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

41. The Plaintiffs and the WARN Class members were terminated by Fluor without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Fluor at the VC Summer Location.

42. The Plaintiffs and the WARN Class members are "affected employees" of Fluor, within the meaning of 29 U.S.C. § 2101(a)(5).

43. Fluor was required by WARN to give the Plaintiffs and the WARN Class members at least 60 days advance written notice of their terminations.

44. Fluor failed to give the Plaintiffs and the WARN Class members written notice that complied with the requirements of the WARN Act.

45. Plaintiffs, and each of the WARN Class members, are "aggrieved employees" of Fluor as that term is defined in 29 U.S.C. § 2104 (a)(7).

46. As a result of the violation of the WARN Act, Defendants are liable to the affected employees, including but not limited to Plaintiffs for attorneys' fees, full back pay and benefits for sixty days preceding July 31, 2017, and this amount cannot be reduced by the amount of any unemployment benefits, severance payment, or interim earnings.

## FOR A SECOND CAUSE OF ACTION

### Violation of Public Policy of the State of South Carolina
### (Individual and Class Action)

47.     Plaintiffs, on behalf of themselves and all other similarly situated individuals, repeat and re-allege the allegations of the preceding paragraphs as though set forth fully herein.

48.     To the extent Plaintiffs and the members of the Plaintiff class, among others, cannot recover under the WARN Act, this law constitutes the public policy of the State of South Carolina and therefore Plaintiffs and members of the Plaintiff class, among others, have an independent cause of action for termination in violation of public policy.

49.     As a result of this, Defendants are liable to Plaintiffs and members of the Plaintiff class, among others, for 60 days of wages, and all other damages this Court deems just and proper.

**WHEREFORE**, Plaintiffs, the WARN Class members, demand judgment, against Defendant as follows:

- A. Certification of this action as a Class Action;
- B. Designation of the Plaintiffs as the Class Representatives;
- C. Appointment of the undersigned attorneys as Class Counsel;
- D. A declaratory judgment that Defendants have violated the provisions of the WARN Act, and have deprived Plaintiffs and the members of the WARN Class of their rights to compensation;

E. An award of monetary damages to Plaintiffs and the members of the WARN Class for the sixty-day period when they should have been notified under the WARN Act;

F. Attorneys' fees and costs; and

G. Such further relief as the Court deems just and proper.

Respectfully Submitted,

GAFFNEY LEWIS & EDWARDS, LLC

*s/ Amy L. Gaffney*_____
Amy L. Gaffney
Federal I.D. Number:  6316
Gaffney Lewis & Edwards, LLC
3700 Forest Drive, Suite 400
Columbia, SC  29204
(803) 790-8838
(803) 790-8841—facsimile
agaffney@glelawfirm.com


YARBOROUGH APPLEGATE LLC

*s/ David Yarborough*_____
David B. Yarborough, Jr.
Federal I.D. Number:  7336
William E. Applegate, IV
Federal I.D. Number:  9261
Christopher J. Bryant
Federal I.D. Number:  12538
291 East Bay Street
Charleston, SC  29401
(843) 972-0150
(843) 277-6691 –facsimile
david@yarboroughapplegate.com
william@yarboroughapplegate.com
chris@yarboroughapplegate.com

10

                        KLEHR HARRISON HARVEY
                        BRANZBURG, LLP

                        *s/ Lee D. Moylan*_____
                        Charles A. Ercole, Esq. (#69192)*
                        Lee D. Moylan, Esquire (#80915)*
                        1835 Market Street, 14th Floor
                        Philadelphia, PA  19103
                        (215) 569-2700
                        (215) 568-6603-facsimile
                        cercole@klehr.com/lmoylan@klehr.com
                        *Attorneys for Plaintiffs*
                        **Pro Hac Vice* Applications to be Filed

August 18, 2017

11