**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| Lawrence Butler, Lakeisha Darwish, Darron Eigner, Jr., Bernard A. Johnson, and Jimi Che Sutton,<br><br>        Plaintiffs,<br><br>v.<br><br>Fluor Corporation and Fluor Enterprises, Inc.,<br><br>        Defendants. | Civil Action No.: 0:17-cv-02201-JMC<br><br><br>**ORDER** |
| Harry Pennington III and Timothy Lorentz, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Fluor Corporation, Fluor Enterprises, Inc., Fluor Daniel Maintenance Services, Inc., SCANA Corporation, and South Carolina Electric & Gas Company,<br><br>        Defendants. | Civil Action No.: 0:17-cv-02094-JMC<br><br><br>**ORDER** |

Plaintiffs Lawrence Butler, Lakeisha Darwish, Darron Eigner, Jr., Bernard A. Johnson, and Jimi Che Sutton (collectively the "Butler Plaintiffs") filed this action against Defendants Fluor Corporation and Fluor Enterprises, Inc. (the "Fluor Defendants") alleging that the termination of their employment on July 31, 2017, was in violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"). (ECF No. 1.)

This matter is before the court by way of Fluor Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 17.) In their Motion, Fluor

1

Defendants argue that the court "lacks subject-matter jurisdiction over this [putative] class action based on the first-to-file rule." (ECF No. 17-1 at 1.)

## I.     BACKGROUND RELEVANT TO INSTANT MOTION

This case arises out of the decision by South Carolina Electric & Gas Company ("SCE&G") on July 31, 2017, to stop all construction at the V.C. Summer Nuclear Station ("VC Summer") in Jenkinsville, South Carolina. (ECF No. 1 at 3 ¶ 16.) As a result of SCE&G's decision, Butler Plaintiffs allege that Fluor Defendants also on July 31, 2017, laid off approximately 4,000 employees who had been working and/or receiving assignments at VC Summer. (*Id.* ¶ 17.)

On August 8, 2017, Interested Party Pennington filed a Complaint in this court against Fluor Defendants and SCANA Corporation alleging violation of the WARN Act. *Pennington v. Fluor Corp.*, C/A No. 0:17-cv-02094-JMC, ECF No. 1 (D.S.C. 2017) ("*Pennington*"). Interested Party Pennington sought to represent "all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, reported to, or received assignments from one of Defendants' Facilities and were terminated without cause on or about July 31, 2017, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about July 31, 2017, . . . ." (ECF No. 1 at 3–4 ¶ 16 (*Pennington*).) On August 18, 2017, Butler Plaintiffs filed the instant WARN Act action against just Fluor Defendants. (ECF No. 1.) Butler Plaintiffs seek to represent "all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Rule 23(a), who worked for Fluor within 90 days of July 31, 2017, and were terminated without cause on or about July 31, 2017, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the

mass layoffs ordered by Fluor on or about July 31, 2017, . . . ."  (ECF No. 1 at 4–5 ¶ 24.)  In their respective Complaints, Interested Party Pennington and Butler Plaintiffs both allege that Fluor Defendants knowingly failed to give their employees at least 60 days prior notice of termination of their employment as required by the WARN Act. (ECF No. 1 at 2 ¶ 3; ECF No. 1 at 2 ¶ 3 (Pennington).)

On October 4, 2017, Fluor Defendants filed the instant Motion to Dismiss.  (ECF No. 17.)  Thereafter, on October 18, 2017, Butler Plaintiffs filed opposition to Fluor Defendants' Motion.  (ECF No. 27.)  On February 14, 2018, the court heard argument from the parties on Fluor Defendants' Motion.  (ECF No. 42.)

## II.  JURISDICTION

This court has jurisdiction over Butler Plaintiffs' WARN Act cause of action via 28 U.S.C. § 1331, as it arises under a law of the United States, and also via 29 U.S.C. § 2104(a)(5), which empowers district courts to hear claims alleging violation of the WARN Act.

## III.  LEGAL STANDARD

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "cases" and "controversies."  U.S. Const. art. III, § 2.  "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."  *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999).  A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it.  Fed. R. Civ. P. 12(b)(1).  In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Richmond, Fredericksburg & Potomac R.R. Co. v.*

*United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted). The plaintiff bears the burden of proof on questions of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

## IV.    ANALYSIS

A.    The Parties' Arguments

Because *Pennington* was filed first, Fluor Defendants argue that Plaintiffs' WARN Act claims "are subject to dismissal for lack of subject matter jurisdiction based on the first-to-file rule." (ECF No. 17-1 at 5.) More specifically, Fluor Defendants argue that in the Fourth Circuit, "where duplicative suits are filed, 'as a principle of sound judicial discretion, the first suit should have priority,' absent convenience favoring the second action." (*Id.* (quoting *Ellicott Mach. Corp. v. Modern Welding Co.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974)).) Accordingly, Fluor Defendants argue that *Pennington* should be permitted to proceed and this action should be dismissed. (*Id.* at 6.) In support of their arguments, Fluor Defendants assert that the factors considered by the court in a first-to-file analysis require dismissal of this matter. (*Id.* at 6–9.) In the alternative to dismissal, Fluor Defendants are amenable to either staying the WARN Act claims in this matter (*id.* at 9–10) or consolidating this matter and the *Pennington* case. (ECF No. 30 at 5.)

Plaintiffs oppose Fluor Defendants' Motion to Dismiss on the basis that "(1) the first-to-file jurisdictional bar Defendants cite is a statutory bar that applies only to False Claims Act ("FCA") cases; (2) there is no binding authority applying a common law first-to-file rule to cases pending in the same court; and (3) using the discretionary first-to-file rule to dismiss an opt-out

4

class action raises fairness and due process concerns." (ECF No. 27 at 2.) Plaintiffs next argue that Fluor Defendants cannot rely on the statutory first-to-file cases cited because they relied on the FCA and "do not concern the WARN Act." (*Id.* at 3.) Plaintiffs further argue that Fluor Defendants cannot use common law application of the first-to-file rule because it "applies only when duplicative cases are pending in different courts, not in the same court as here." (*Id.* at 4 (citing, *e.g.*, *Walker v. Serv. Corp. Int'l*, No. 4:10-cv-00048, 2011 WL 1370575, at *10 (W.D. Va. Apr. 12, 2011) (applying the first-filed rule to dismiss second action filed in different federal court)).) Finally, Plaintiffs argue that the court should not grant Fluor Defendants' Motion because WARN Act classes are opt out classes and the dismissal of this matter would "render the WARN Act's opt-out provision meaningless or deprive individuals of the process afforded to them by the WARN Act." (*Id.* at 7.)

B.    The Court's Review

    *1. The First-to-File Rule Generally*

The first-to-file rule provides that "when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed."[1]  *Allied–Gen. Nuclear Servs. v. Commonwealth Edison*

---

[1] "Procedurally, the court first considers whether the two competing actions are substantively the same or sufficiently similar to come within the ambit of the first-to-file rule." *Harris*, 2013 WL 5720355, at *3 (citation omitted). "If they do, the court then considers whether any exception to the rule should be applied." *Id.* (citation omitted). "To determine if there is sufficient similarity to bring the first-to-file rule into play, courts have considered three factors: (1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." *Id.* (citations omitted). "The actions being assessed need not be identical if there is substantial overlap with respect to the issues and parties." *Id.* (citation omitted). "One final factor courts use in considering the applicability of the first-to-file rule is 'whether the balance of convenience weighs in favor of allowing the second-filed action to proceed.'" *Id.* at *5 (citation omitted). In determining the balance of convenience, courts look to the same factors relevant to transfer of venue pursuant to 28 U.S.C. § 1404(a). *Nexsen Pruet, LLC v. Westport Ins. Corp.*, C/A No. 3:10–895–JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (citations omitted). These

5

*Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982) (citing *Carbide & Carbon Chems. Corp. v. U.S. Indus. Chems., Inc.*, 140 F.2d 47, 49 (4th Cir. 1944)). "The policy underlying the first-to-file rule is the avoidance of duplicative litigation and the conservation of judicial resources." *Harris v. McDonnell*, C/A No. 5:13-cv-00077, 2013 WL 5720355, at *3 (W.D. Va. Oct. 18, 2013) (citation omitted). "Application of the rule is discretionary, not mandatory." *Id.* (citation omitted). The Fourth Circuit "has no unyielding 'first-to-file' rule." *CACI Int'l, Inc. v. Pentagen Techs. Int'l, Ltd.*, 70 F.3d 111, 1995 WL 679952, at *6 (4th Cir. 1995) (unpublished) (citing *Carbide*, 140 F.2d at 49 ("[T]he pendency of a prior suit involving the same issues does not require the dismissal of a suit for declaratory judgment.")). When a case falls within the ambit of the first-to-file rule, courts generally will stay, dismiss, or transfer the second-filed case. *Harris*, 2013 WL 5720355, at *3.

  2. *Application of the First-to-File Rule in this Case*

Fluor Defendants move to dismiss this action pursuant to the first-to-file rule. As observed above, the Court of Appeals for the Fourth Circuit does not rigidly adhere to the first-to-file rule. Moreover, it does not appear that the Fourth Circuit has addressed the applicability of the first-to-file rule when two WARN Act cases are pending in the same district and are before the same judge in the same district. *But see U.S. ex rel. Palmieri v. Alpharma, Inc.*, 928 F. Supp. 2d 840, 846 n.8 (D. Md. 2013) ("However, the [False Claims Act's] first-to-file rule, by its text, is not limited to first-filed actions pending in the same court or before the same judge.");

---

factors are: "(1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice." *Id.* (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Landers v. Dawson Constr. Plant, Ltd.,* 201 F.3d 436 (4th Cir. 1999) (unpublished table decision)). The moving party bears the burden of clearly establishing that these factors favor transfer. *Id.* (citation omitted).

*see also Guill v. All. Res. Partners, L.P.*, Case No. 16-CV-0424-NJR-DGW, 2017 WL 1132613, at *2 (S.D. Ill. Mar. 27, 2017) ("Some courts have applied the first-to-file rule notwithstanding the fact that two actions had both been filed in the same district.") (listing cases). Upon consideration of the foregoing, even if the first-to-file rule factors were satisfied, this court in its discretion would not apply the rule because the purpose of the first-to-file rule–to avoid duplicative litigation and conserve judicial resources–can be accomplished without dismissing this matter. Accordingly, the court **DENIES** Fluor Defendants' Motion to Dismiss.

   3. *Consolidation of the Butler and Pennington Cases*

At the February 14, 2018 motion hearing, counsel for the parties suggested to the court that consolidation of the *Butler* and *Pennington* matters is a viable option to conserve resources and efficiently move the cases forward. Rule 42(a) of the Federal Rules of Civil Procedure provides that where actions involve a common question of law or fact, the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts have broad discretion under F[ed]. R. Civ. P. 42(a) to consolidate causes pending in the same district." *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) (citation omitted). "[C]onsolidation is appropriate when to do so will 'foster clarity, efficiency and the avoidance of confusion and prejudice.'" *Workman v. Nationwide Mut. Ins. Co.*, C/A Nos. 4:12-cv-02567-JMC, 4:11-cv-01734-JMC, 2013 WL 2285937, at *3 (D.S.C. May 23, 2013) (citation omitted).

After considering the parties' respective positions, the court is persuaded that the *Butler* and *Pennington* cases should be consolidated for purposes of discovery and pretrial motions because they involve common questions of law and fact regarding the applicability of the

WARN Act to the terminations of employees at VC Summer. The court finds any potential prejudice does not outweigh the benefit of judicial economy provided by consolidation. Based on the foregoing, the court sua sponte consolidates the *Butler* and *Pennington* cases for purposes of discovery and pretrial motions.[2]  *E.g.*, *In re Pepco Emp't Litig.*, C/A No. 86-0603(RCL), 1990 WL 236073, at *1 (D.D.C. Dec. 20, 1990) ("Although this circuit does not appear yet to have ruled on whether a court may sua sponte order consolidation, the court holds that the plain language of Rule 42(a) and the weight of authority give it the power to issue such an order.") (citing Fed. R. Civ. P. 42(a)).

## V.     CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court hereby **DENIES** Fluor Defendants' Motion to Dismiss the action against them pursuant to the first-to-file rule. (ECF No. 17.) The court sua sponte consolidates *Pennington v. Fluor Corp.*, C/A No. 0:17-cv-02094-JMC (D.S.C. 2017) with *Butler v. Fluor Corp.*, C/A No. 0:17-cv-02201-JMC (D.S.C. 2017) for purposes of discovery and pretrial motions. The court further sua sponte stays both actions until the court enters its opinion(s) adjudicating the Motion to Dismiss, Motion to Certify Class and Motion to Appoint Counsel currently pending in the *Pennington* case. *See Pennington*, C/A No. 0:17-cv-02094-JMC, ECF Nos. 21 & 69.

**IT IS SO ORDERED.**

*[signature: J. Michelle Childs]*

United States District Judge

February 16, 2018
Columbia, South Carolina

---

[2] At the close of discovery, and after the court has issued an opinion on any dispositive motion filed, the court will decide to what extent, if at all, the trial of these cases shall proceed together.